Good morning, your honors. May it please the court. I'm Charles Weller on behalf of Appellant Jacob Scheibe. I'd like to reserve three minutes for rebuttal, please. Preemption is an affirmative defense. The burden is on the defendant to show there's no plausible set of facts under which this case is not preempted. The district court flipped that burden. The district court's requiring the plaintiff to prove his case is not preempted at the pleading stage. I have some sympathy with the district court, right, because he had, there's this split of authority, or district courts have gone both ways on this, right? Isn't that fair to say? That is correct, there is a split of authority. Okay, why do you think we should adopt the side of the split that you're advocating? Under the standard of Rule 12b, a complaint avoids dismissal if it meets the standard of mere facial plausibility, and when it comes to preemption, the burden is solely on the defendant. It's not on the plaintiff. I think it is sort of this odd Iqbal Twombly thing, right? It's not enough to just make an assertion, we know that, in a complaint. It has to be plausible, and so in this case, and you don't have to prove your case in a complaint, so we're trying to navigate all of that, and it seems to me if you stitch those together, the question becomes, but this is really what I'm asking you, should I be looking at this as, well I'm asking myself whether the allegation of the plaintiff has done, you know, one of the correct kinds of tests, even though there would need to be 12, that that's enough to show that this is a plausible allegation. Should I be looking at this as an Iqbal Twombly? Well, the plausible allegation could be testing, or it could be some other fact. It just only needs to be plausible. Right, but in this case, now apply that to this. Well, in this case, in this case, we have dietary supplement testing, and the dietary supplement testing shows that the carbohydrates are 11 times the amount that could be declared as zero. Right, but, and I'm going to paraphrase this, but aren't I correct to understand that you have testing, and you have the right type of testing, but that you don't have testing that complies with the required protocol, if you will, right? There would be need to be a lot more samples tested. That is correct, Your Honor. The way the FDA statute works is it requires a composite of 12 subsamples, and these 12 samples are one from each of 12 different roundly chosen shipping cases. From a practical standpoint, as a practical matter, no plaintiff will ever be able to meet this burden at the pleading stage. Well, couldn't the, I guess the the question is, is the testing method part of the substantive federal rule that does the preemption work? So, for example, would Mr. Scheib have had to at least allege that if he were to have tested it in compliance, I don't think the testing method appears at all in the complaint, the 12. If he were to have tested it, then it would have been consistent with the one test. Does he have to allege that much compliance with the FDA testing protocol? Is the court inquiring as to whether he has to allege that he used FDA compliant testing? Well, there's, one would be had he used FDA compliant testing. I think there is some of that, but not compliant in that, that there's no allegation that if he were to use the FDA compliant testing, including 12 samples, that it would have been misleading. Does he have to? I'd submit to this court that as long as the plaintiff meets the plausibility standard. But plausible as to what? Does it have to be, I guess, again substantively, does it do, does the district court have to find it plausible that the underlying fact that it doesn't contain enough, that it discloses the wrong amount of carbohydrates? Or does it have to be plausible that the FDA compliant testing with all 12 samples would disclose that it doesn't contain the right level? It has to be plausible that the dietary supplement product could be misbranded. I think that's important. That's the legal conclusion. And I think Judge Johnson's trying to really, he's going right to the nub of it. What the complaint has to show, not what you have to prove at trial, but what the complaint has to allege. The complaint has to allege mere plausibility, mere plausibility that through testing, through the 12 sample method, a plaintiff will be able to prove his case. But you didn't allege that. We have, we have alleged that the testing results and other facts nudge this claim from the conceivable to the probable. And that we would be able to show that it's facially plausible that these products are misbranded under the 12 sample testing that's required by the FDA. You could only do that testing, though, at discovery. In Hollins and Vital, the two cases that the district court relied on, those, both those cases, the plaintiffs had the opportunity to complete discovery. They chose for whatever reason not to use the 12 sample method. So it was dismissed on summary judgment. So the appellate in this case should have the same chance that those plaintiffs in Hollins and Vital got to prove his liability after completing discovery. But, but you'd be in a better position, and this may require amendment, you'd be in a better position, it seems, to have alleged that upon FDA compliant testing, this product wouldn't suffice. And that you that because you've done what I'll call a sample of the testing, you know, subset of the required testing. I don't think it'd be enough for you to just make the assertion because that gets back to the equality part. You can't just assert it. But it seems to me that what you're relying on, if I can read between the lines here, is that by having done one twelfth of what you would need to do, you've made the correct, the required assertion, and it is plausible. But I think Judge Johnstone's right. You haven't made the assertion that if you did all 12, you'd be over the line. Isn't that a fair, is that a fair summary? Your Honor, I don't think it's required to make the ultimate conclusion as to liability in the complaint. This part is intended to be a trick question. Um, because this, as I indicated in the preface to my question, I think this is something that could be cured. I mean, it wouldn't be futile. But we are talking about preemption here today, and I think you would have to have both. And I'm trying to stress test and get your honest answer. And this is intended to be directed to opposing counsel as well. Wouldn't we need both allegations in a complaint? If we do, it's certainly something that's easy to satisfy on an amendment. Where does 9B come into this? I guess one of the concerns is, as you say, this is an affirmative defense, so you have to plead it. Is it, is, well, I'll just ask you, right, is, does 9B impose a requirement that for your affirmative claim, and not whether you've pleaded into preemption, that you plead the testing method with particularity? Is that the thing that substantiates the falsity? I think there's suggestions. I think that your, your friend on the other side suggests that it is, that you must plead out of preemption with particularity. Is that right? Well, what the case law says is under, for Rule 9B, you do not need to have irrefutable evidence of a statement's falsity at the pleading stage. But getting to the answer to your question, the allegations will suffice so long as you give the defendant notice of the fraud and provide the court some assurance that the theory has a basis in fact. And we've done that with the testing that showed carbohydrates at more than 11 times the limit that can be declared as zero. Furthermore, the particularity requirement of Rule 9B, it must be read in conjunction with the plausibility pleading standard. And in this case, appellants pled the who, when, and where, and has satisfied what Rule B requires, what Rule 9B requires. Just not the how, which is the FDA testing. Well, the how is also the testing that has been completed. And that is, that is enough to take, as the Murr case, and nudge the appellant's claims across the line from conceivable to plausible to meet the pleading standard. Now, for preemption, preemption can be raised at summary judgment. Preemption can be raised at trial, but it's an affirmative defense, it's disfavored by the law, and it's not plaintiff's burden to plead around an affirmative defense. It's defendant's burden. It's defendant's burden to show there's no set of plausible facts for which this claim is not preempted. There's quite a lot of district court, number of district courts who have written about this, and I'm wondering which case you think is the one that we should be emulating. Which one supports your view most clearly? I would suggest this court look at Lozano v. Bomar Nutrition. Okay. I think that's one of the most recent cases. How about Murphy? One of Judge Breyer's opinions? I think... Put you both on notice. I'm gonna have questions about that case, so if that's not on your radar, that's fine, because there are so many, but that's one that I have some questions about. And Your Honor, you are correct that there is a split, and that's exactly why... I know, and there's a lot of them, so I didn't mean to... We are here today. There's quite a few cases. Yes, that is correct. Well, maybe that's a related question. Do we need to publish on this? So that the district courts have an answer? I would request that the court do so. Okay. And what question exactly do you think we ought to be responding to? I think the issue is whether a consumer deception claim is preempted if a plaintiff fails to plead dietary supplement testing consistent with the FDA's 12 sample method as set forth at 21 CFR Section 101.9G2. Great. That wasn't a trick question either. Very helpful. Thank you. I have about a minute left before I need to reserve time. You have three minutes, so do you want... Oh, before you want to... Before I need to reserve time, I'll... Okay. So I will... I'm gonna briefly talk about this factual nexus that the appellee raised. It's vague. It's unworkable. It's completely unsupported by case law. It's totally at odds with pleading on an affirmative defense. It's just shifting the burden improperly back to the plaintiff. And pleading out of court needs to be equivocal, definitive, and clear from the face of the complaint. An appellant's not pled himself out of court in this case. And then the final argument is the appellee's asking this court to affirm on other grounds. More specifically, that the calorie claim, the zero calorie claim is preempted under the five methods by the FDA. This argument's flawed for several reasons. First, there's independent grounds for pro-sup's liability. Simply because the calorie claim fails does not mean the carbohydrate claim's gonna fail. All the methods rely on an accurate accounting of macronutrients. This is because all carbohydrates contain calories. This is in ER 15, paragraph 28 of the amended complaint. It's also a complicated issue. District courts have gone both ways. I refer this court to the Woodbolt distribution case. To what case? Woodbolt distribution. It's Allen, Maryland. And finally, there's no record at the appellant court should not decide issues that district courts did not consider. That's from the Singleton v. Wolfe case. So to conclude, and save myself two minutes for my rebuttal, district court's order, it ignores well established pleading standards. It improperly shifts the burden to the plaintiff to plead around an affirmative defense. It's based on plainly inept case law. And it would have the practical effect of precluding an entire class of notorious claims. For these reasons, we respectfully request that this court reverse and remand. And if there's no further questions, I'll reserve my remaining time for rebuttal. Thank you, Counsel. Thank you. Good morning, and may it please the court. My name is Jay Singh, and I'm here on behalf of defendant in this case. As the district court correctly held, the plaintiff's state law claims are preempted by federal law. The FDA's regulations permit a supplement manufacturer to use a 12-sample method of testing products for quantitative nutrient content for purposes of listing the amounts of nutrients in FDA mandated supplement facts, panel label, or nutritional panel. 101.9G2 mandates that a manufacturer use a 12-sample method of testing products for quantitative nutrient content for product labeling. And quoting from 101.9G, it states, quote, compliance with this section shall be determined as follows. 101.36F1 slightly modifies this section for dietary supplements by allowing testing based either on a 12-sub sample method or 10% of the number of packages in the same inspection lot, whichever is small or randomly selected to be representative of the lot. And again, that section under F1 talks about compliance and says, compliance shall be determined as set forth herein. And where in the complaint should we look to see Mr. Shy pleading himself into that preemption defense? Your honor, it's in paragraphs 21 and 25. He refers to testing of a sample, and that can only mean one sample from one product. It's a far, far cry away from the 12-sample method. But he doesn't, I guess, so in terms of preemption, which we construe narrowly, that doesn't necessarily conflict with the FDA guidance. It can be true that the first test sample is misleading, and also true that the next 11 are similarly misleading. In fact, it might be a plausible inference that we might ask the district court to judge in other circumstances. Your honor, we think it's fundamentally incompatible. Because as in this court, the district court cited to Hollins, and also more importantly to Vital, and the reasoning of the 12-sample methodology as set forth in Vital, that FDA allows a manufacturer to rely not just on one, or requires a manufacturer not to rely on or be required to label based on one sample. That's why I referred to it as a subset. He's only alleged that he's done a subset. But what about that is inconsistent? I think that's what Judge Johnstone's getting at. How did he plead himself out of? He didn't suggest he's going to do a different kind of testing, and he didn't suggest that one out of twelve is sufficient. So that's what we're grappling with. Well, your honor, I think, and then maybe this goes to, has he alleged enough to plausibly infer that if the 12-sample methodology would be used, that it would establish that the label is false? I think that's exactly it, and that's why I started by saying, I think this is sort of an Iqbal Twombly thing, right? I think he would have to allege, this is, I'm positing this for you to respond to, if a complaint plausibly alleges that the product doesn't, labeling, doesn't comply with whatever testing it is that the FDA requires for that product, right? And then alleges he's done part of that. Maybe not all of it, but he's done part of it. Why isn't that enough for Iqbal Twombly? Because, your honor, the regulation requires and allows the manufacturer to use a composite sample. I understand. And one sample cannot be a composite sample. Maybe two could. What if he, what if he, but one. We're talking about how did, we're talking about how he pled himself out. So, so. Correct. You brought Nacarino to the court's attention, I've just mentioned Murphy. And those are cases where a complaint, right, alleged, let me put it this way. Judge, Judge Breyer put it this way. The complaint didn't allege that defendant did something wrong by doing something specifically allowed by the FDA. That's exactly what happened in Nacarino, the case that you brought to our attention. Correct, your honor. Right? Correct. They're saying, hey, we've got this complaint because it didn't fully disclose the amount of protein and here's why. But, but, but what the manufacturer did in that case is something that's specifically allowed by the FDA. So the fact that the plaintiff found it lacking is neither here nor there, right? He pled himself right into preemption. But here, what they're pled, pleading isn't, it, it isn't inconsistent with the FDA testing. It's just not complete. And we would say that if you look at, as the district court cited, the reasoning set forth in Vitale, talking about the FDA's regulations. If I'm listening, tell me what am I missing? By thinking of this as being, um, a subset. It's not gonna be enough. He's gonna have to do more later. He doesn't get to come to trial and say 1 12th is good enough. I'm not suggesting any of that. I'm just looking at this preemption issue. Correct, your honor. And I'm going to quote from specifically, as the district court did, you know, from Vitale, the court specifically found that FDA regulations reject the requirement that every individual product be labeled in compliance with the food labeling rule. But that's exactly what the plaintiff here relied on for the, for, for, for alleging an element of his claim in falsity. In other words, he, he relied only on one sample. And in doing that, he pled himself out of court to establish in a word. I realize I'm interrupting you, but we have limited time to understood your honor. We have limited time to ask our questions. So I think what you're saying is he's basing his allegation of falsity right on this one test. So you're saying because this is your interpretation of his complaint is that that he's alleging because 1 12th of the required testing doesn't measure up the product labeling is false. What you're saying is that is that is black ladder insufficient is what you're saying. That is black letter insufficient. And in that way, it's fundamentally incompatible because FDA would say, as it's spoken to on the regulation, one sample doesn't tell you anything. So, Mr Singh, what if he then alleges that the testing under the 12 samples would establish the same thing? Is that is that all we're here to that allegation appears nowhere in the complaint. Exactly. If it did, that is a curable problem. And I and I do think and I haven't been very shy about saying I think it would need to be there. If it were there, would he be okay? Your honor, I think that the question of what allegations would be sufficient to avoid preemption. That question really doesn't need to be decided here because he played himself out of court by relying on one sample. So you don't think he gets to amend? Well, the court, the district court gave him leave to amend, gave plaintiff leave to amend. Plaintiff chose not to amend and stand by his one sample. Let me interrupt you so that I can get to this point because I think it's important. We might be thinking about the procedure differently. Just think of a hypothetical if you would have a complaint like this that comes in at the original complaint that alleged to something part of FDA required testing, but not all of it. And then from that premise makes the allegation that the labeling is false. And then the question is, if the district court finds that lacking, does the district court have to decide? Well, and then it wouldn't be futile because they could make the allegation that all the testing would get this over the hurdle. Or does the district court? Is the district court required to take up the preemption issue first because you get there first? I think the district court would be required to take up the preemption issue. Have we said that I'm sorry. Have we said that anywhere? I actually don't know the answer to this question. It is this sincere question. I mean, I think you have to take a look at the complaint as a whole and your honor, you know, this complaint taken as a whole plaintiff has pled himself as Dunford funds, you know, as the court notes in footnote eight as this court noted in footnote eight. This is a situation where the plaintiff has pled himself out of court. And here's the point on that. In Dunford, this court said, Listen, we're not we're gonna raise, but we're not gonna answer the question of whether in this sort of a situation, a plaintiff has to allege twisting testing, you know, query whether that's the case. And the court said that we know that a plaintiff isn't otherwise required, you know, at the pleading stage to put forth evidence and to establish their entitlement to relief. But that's different than if the plaintiff, like here, affirmatively alleges testing that they've done, chosen to allege testing bases on one sample that again, as we discussed earlier, your honor, is fundamentally incompatible with FDA regulations. And in that way, we would say this case is like Dunford, Hollins and Narcorine. Mr. Singh, I guess. So is your position then that if Mr Scheib did no testing whatsoever and simply recited the FDA, um, testing and said that I believe that, um, you know, should we get past the motion to dismiss with discovery? I can establish that it would satisfy it. In other words, if he had less proof to bring a complaint that but simply recites a statute that that should pass and this shouldn't well, your honor. But how does that make sense? I think it makes sense in this in this way. I don't know about that hypothetical complaint in the future, but this complaint based on the testing that was alleged is such that the plaintiff put himself out of court because it's it's it's completely inconsistent with the composite approach that FDA has taken here. The other cases. Why is it completely inconsistent? It's incomplete. But is it inconsistent? He's not saying, Hey, I did this other type of testing in the other problem. But by contrast, other cases that were cited where the courts permitted based on allegations of some testing, but not the 12 sample, there was more samples that were used. Your honor brought up Murphy. In Murphy, they alleged testing of a few gummies, each from a total of eight bottles and four non expired balls and four expired nearly expired. But this is in the briefing. But my point is, your honor brought up Murphy. Murphy is a great example of where there. But you know, the arguments made that a plaintiff doesn't have the ability to do the FDA testing in order in order. Yes, your honor. But nothing would stop, for example, a plaintiff from buying 12 random bottles of a product, putting together a composite sample and alleging that. But I just I guess, given the way that we typically viewed preemption and the way we typically view the pleading standards for establishing an affirmative defense on the face of the complaint, I don't see where we start asking. Well, two would be enough or four would be enough, or it seems like either they can plead without any testing and get past the line of preemption. Or I guess, why isn't doing a little bit of the testing, but not all of the testing even better? Anyone can plead it. Scheib went ahead and tested. So, your honor, as to the former approach, that's a question that's raised in in Durnford, whether testing is even required, you know, to be able to state a claim in this type of a situation. And we would submit that this is not the case to answer that question. So then getting to your honors. Well, that's the that's the case that follows. If we say that all he has to do is allege testing as opposed to do testing. I think the next I think the point is that here, based on what the plaintiff affirmatively alleged, which is a sample one sample from one product that that that isn't. I mean, one way to look at it, it would be say, Yes, it's it's one of 11 other samples that FDA would require. But you suggested that some form of composite testing or sample testing would could satisfy it. But that doesn't comply with that would also be incomplete. But But your honor, it would at least be consistent. This is my point. This is what I've been trying to stress is that it would at least be consistent with the composite sample approach that FDA requires requiring a particular product to have that level of nutrient when when tested is fundamentally inconsistent. But if at least the composite sampling were, you know, we're we're we're we're provided by the point that if they could, I guess so there's there's some math here that underlies the FDA's sampling method. And why doesn't isn't the math given that there is a safe harbors and all of that. But when you're dealing with a quantity that's 11 times over what's disclosed on the label, and you need 11 more samples, it's not quite this. I haven't done the math. But it seems like you're basically asking, Is it plausible that if you took 11 more samples, you'd be able to run the table on a zero score in order to get back down under the safe harbor? Why isn't plausible enough for a plaintiff to get through the or by saying there's a whole lot of carbs in this first sample. And if I tested 11 more, um, it would be very unlikely that they get it back down to zero. Sure, Your Honor. So one, none of that was alleged in this complaint. And again, there's not even a mention of the 12 sample methodology in the complaint. But stick with me on the math. No, it's not plausible. But on the math, it really, the math, the numbers don't matter. Because the point is that alleging falsity based on one sample from one product, as the district court found, is inconsistent with the reasoning and the regulatory scheme that's at play here that allows a manufacturer to label based on a, you know, composite sample. And so one is, again, 2, 3, 4 might not be. But one certainly takes this out of the realm of, you know, plausibility. Judge you mentioned that Nacarino, you think, helps your side. Yes. I'd just like to hear why you think that is so. Sure, Your Honor. So in Nacarino, as in this case, the plaintiff sought to use, well, in Nacarino, as in this case, the plaintiff based its state claim allegations based on a methodology for testing that was inconsistent with FDA mandated or approved method. And that's exactly the case here. That he's essentially alleging falsity for the state claims, the plaintiff here, based on a testing methodology that is, again, not just inconsistent, but in our view, fundamentally incompatible with FDA mandated testing methodology. Both cases involve the testing methodology. Thank you. And thank you for your patience with the questions. Thank you. Your Honors, we are here on an appeal from a motion to dismiss. So we should not be talking about probability, but we should be talking about plausibility. And if we have a test result which shows that carbohydrates are 11 times the limit that can be declared as zero, it is plausible that we can show these products are misbranded if we test 11 more samples under the FDA's 12-sample method. This is where the district court got this wrong. It's in the last sentence before the conclusion. Plaintiff's complaint pleads it tested defendant's products using methods not identical to the FDA's methods. Plaintiff's claims are therefore preempted. What this district court is saying is that unless you do all this FDA testing up front, which, as we've discussed, as a practical matter, is not possible, then these claims are barred. So you're saying it's not possible at this point, but it would be possible before a summary judgment stage? Is that your... Yes. Absolutely, Your Honor. That's correct. And that's what happens in Hollins and happened in the vital case, is those plaintiffs had the opportunity to complete discovery. And then it was dismissed on summary judgment. And appellants should have the same opportunity that those plaintiffs... But discovery can be very expensive in these types of cases where you're talking about putative class actions. And so it's... I think it's really important to determine whether or not the claim is preempted before you go to all of the discovery, if it's possible to do that. I wanted to ask you this. So are you saying that you would not request leave to amend because you elected to stand on your pleadings as they were? We elected to appeal based on this legal issue. We believe this legal issue is incorrect. But in pursuing this case, we would bolster the allegations. Well, but if you chose to stand on your pleadings and the court gave you the opportunity to amend, should you now be allowed to amend after you did not take advantage of the opportunity that was afforded you by the district court? Once again, Your Honor, the district court precluded that opportunity based on the wording of their order. The judge was extremely clear. What wording? That's the wording I just read into the record. Plaintiff's complaint pleads it tested defendant's products using methods not identical to the FDA's methods. Therefore, it's preempted. But you're now saying that you could plead to say if we would be able to replicate those, but you didn't take the opportunity to amend your pleadings to try to persuade the court that you could replicate that at a later point. No, Your Honor, we could not allege that we have done the FDA compliant testing at the pleading stage. But what we could allege, as as your honor had pointed out, is that we could allege that we will be doing the FDA 12 sample method testing to show liability and based on information and belief will show these products are misbranded. We could allege that, but that doesn't get around the district court's order, which is why we appealed it. Well, the district court dismissed without prejudice. And what you're saying, I think, if I'm understanding you correctly, is that even though the order was without prejudice, you think the nub of it, which was on page six of the court's order, the nub of the reason they found your pleading inadequate was going to remain no matter what, because you couldn't do the 12 randomly. In other words, you couldn't meet the FDA testing standards served to the letter. That's correct. It was a deficiency. We were unable to cure based on the district court's order. I see. Why would saying that you would test according to the FDA method make it any more plausible than the fact that you did test one sample? Your Honor, I don't think it would, but your honor had asked the example earlier if we could do so, and we could certainly allege that. But I do not think it gets us any further along the line on plausibility. I do not think it's required at the pleading stage. Well, you haven't pled. I think what I said earlier, although we could roll back the tape, but what I think the point was, I don't think your complaint alleges that because of this one sample, you're alleging that upon compliant testing, the product would still fail and hence opposing counsel's argument. What he's saying is your complaint, he thinks fairly read, is that the allegations of the labeling is false based upon one sample, and everybody agrees. And that's not enough. Ultimately, that's not enough. That's not enough for liability, but it's certainly enough for plausibility under a rule 12B6 standard. Maybe or maybe not. All right. Thank you, counsel. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court.
judges: RAWLINSON, CHRISTEN, JOHNSTONE